IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                 Case No.: 1:15CR109
                                      (JUDGE KEELEY)

JOHN R. BURROWS,

    Defendant.

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, John R. Burrows, in person and by Federal Public Defender, Brian J. Kornbrath, appeared before me on November 13, 2015. The Government appeared by Assistant United States Attorney, Robert H. McWilliams. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Counts One (1) and Two (2) of the Information.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate

Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent was signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge was freely and voluntarily given. Additionally, the Court finds that the written waiver and consent was freely and voluntarily executed by Defendant Burrows only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The Court inquired of Defendant and his counsel as to Defendant's knowledge and understanding of his constitutional right to proceed by indictment, the voluntariness of his consent to proceed by information and of waiver of his right to proceed by indictment. Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his

right to proceed by indictment and his agreement to voluntarily proceed by information. Defendant also executed a written waiver of the same. The undersigned Magistrate Judge then received and **ORDERED** the Waiver of Indictment and the Information filed and made part of the record herein.

Thereafter, the Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was not, but that it was the "best" agreement offered to Defendant. The Court asked counsel for the Government to summarize the written plea agreement. Counsel for Defendant and Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with their understanding of the agreement. The undersigned further inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. The Court **ORDERED** the written plea agreement filed.

The undersigned then reviewed with Defendant the Information including the elements the Government would have to prove at trial, charging him with distribution of a Schedule I controlled substance and structuring transactions to evade a reporting requirement, in violation of Title 21, U.S.C. §§841(a)(1) and 841(b)(1)(C) and Title

31, U.S.C. §5324(a)(3) and 5324(d)(2). Subsequently, Defendant Burrows pled **GUILTY** to the charges contained in Counts One (1) and Two (2) of the Information. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Court heard the testimony of, Special Agent Warren Jason Sommervile, from the Internal Revenue Service. Agent Sommervile testified that between June 2012 and June 2014, there was an on-going investigation of Defendant involving drugs and federal financial reporting violations. Agent Sommervile testified that a number of undercover controlled drug purchases were made at various locations over which Defendant possessed control, leased, or owned. On April 29, 2014, a traffic stop was made on a customer leaving Defendant's store in Glenville, West Virginia. The customer produced a substance that was later drug tested and confirmed to be AM-2201, a Schedule 1 controlled substance. Additionally, Agent Sommerville testified that banking institutions are required to report daily cash deposits exceeding $10,000. He further testified that in an attempt to evade reporting requirements, Defendant or individuals working for the Defendant knowingly and purposefully made individual deposits that were less than $10,000.00 but when totaled at the end of the day exceeded the $10,000.00 reporting requirement amount.

Defendant stated he heard, understood, and did not disagree with the testimony of the Government's witness. From said testimony, the undersigned Magistrate

4

Judge concludes the offenses charged in the Information are supported by an independent basis in fact concerning each of the essential elements of such offenses.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Counts One (1) and Two (2) of the Information and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One (1) was imprisonment for a term of not more than twenty (20) years, a fine of not more than $1,000,000.00, and a period of supervised release of at least three (3) years. The undersigned Magistrate Judge determined that Defendant also understood that the possible statutory maximum sentence which could be imposed upon Defendant's conviction or adjudication of guilty on Count Two was imprisonment for a term of not more than ten (10) years, a fine of not more than $500,000.00, and a period of supervised release of one (1) to three (3) years. The undersigned further determined Defendant understood the Court would impose a special mandatory assessment of $200.00 for the felony convictions payable on or before the date of sentencing. Defendant also understood he might be required by the Court to pay the costs of his incarceration, supervision, and probation.

The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject

to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The undersigned also reviewed with Defendant his waiver of appellate and collateral attack rights. Defendant understood that he was waiving his right to appeal his conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under his plea agreement, he was waiving his right to challenge his conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that he was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that he learned about after the plea hearing and agreed that he was unaware of any ineffective assistance of counsel or prosecutorial misconduct in his case at this time. From the foregoing, the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his

counsel, and the Government as to the recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charges contained in Counts One (1) and Two (2) of the Information. The undersigned Magistrate Judge informed Defendant that he would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felonies charged under Counts One (1) and Two (2) of the Information. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report.

The undersigned reiterated to Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his guilty plea accepted.

Defendant, Burrows, with the consent of his counsel, Brian J. Kornbrath proceeded to enter a verbal plea of **GUILTY** to the felony charges in Counts One (1) and Two (2) of the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Information as a whole, but in particular as to Counts One (1) and Two (2) of the Information; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Counts One (1) and Two (2); Defendant made a knowing and voluntary plea of guilty to Counts One (1) and Two (2) of the Information; and Defendant's plea is independently supported by Warren Jason Sommerville's testimony which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Counts One (1) and Two (2) of the Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be

prepared by the adult probation officer assigned to this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(l); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on November 16, 2015

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE